ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 2 9 2005

LUTHER D. THOMAS, Clerk
By:
                    Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

PINE VALLEY MOBILE HOME ) 
PARK, INC., GANN )
ENTERPRISES INC., and )
HALPAR, INC., )
       )
    Plaintiffs, )
       )
    v. )    CIVIL ACTION NO.
       )    1:05-CV-2007
       )
BRAD LEONARD, Individually, )
       )
    Defendant. )

**GET**

## **NOTICE OF REMOVAL**

COMES NOW defendant Brad Leonard, by and through counsel, and, pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal within the time prescribed by law, by showing and stating the following:

1.

Plaintiffs filed a suit in the Superior Court of Gwinnett County, which county is within the Atlanta Division of this Court. This suit, which seeks relief under 42 U.S.C. § 1983 and state law, is styled as above and numbered Civil Action File No. 05A-07473-5 in that court.

FORMS RECEIVED
Consent to US Mag.
Pretrial Instructions
Title VII NIC
BTN Via SASE

2.

All process, pleadings and orders served upon defendant are attached to this Notice of Removal as Exhibit A.

3.

Defendant Brad Leonard was served with process on or about July 1, 2005, and this Notice of Removal is being filed within 30 days thereof.

4.

Plaintiffs' complaint asserts a claim 42 U.S.C. § 1983 for a violation of plaintiffs' rights pursuant to the Fifth and Fourteenth Amendments of the United States Constitution.

5.

Plaintiffs' complaint therefore asserts a claim over which the Court has original jurisdiction founded on a claim or right arising under the Constitution, Treaties or Laws of the United States. 28 U.S.C. §§ 1441(b), 1331, 1343 and 1443.

6.

Plaintiffs' complaint also asserts a claim under Georgia law. The Court has supplemental jurisdiction over that claim because it arises out of the same facts as plaintiffs' federal claim such that it forms part of the same case or controversy. 28 U.S.C. § 1367 (a).

7.

Defendant has given written notice of the filing of this notice to plaintiffs and will likewise file a written notice with the Clerk of the Superior Court of Gwinnett County, a copy of which is attached hereto as Exhibit B.

8.·

The undersigned have read this Notice of Removal, and to the best of the undersigneds' knowledge, information and belief, formed after reasonable inquiry, it is well-grounded in fact; is warranted by existing law; and is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

WHEREFORE, this Notice of Removal having been filed, said action shall proceed in the United States District Court for the Northern District of Georgia, and no further proceedings shall be held in said case in the Superior Court of Gwinnett County.

[signature to follow on next page]

FREEMAN MATHIS & GARY, LLP

Dana K. Maine
Georgia Bar No. 466580
Paul B. Frickey
Georgia Bar No. 277130

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (Telephone)
(770) 937-9960 (Facsimile)

Attorneys for Defendant
Brad Leonard

7/31/06

OUT OF OFFICE UNTIL 6-30-05

Civil Action No. 05-A-07973-5

Date Filed 6/24/05

Magistrate Court ☐
Superior Court ☒
State Court ☐
Georgia, GWINNETT COUNTY
PINE VALLEY MOBILE HOME PARK, INC.,
GANN ENTERPRISES, INC., and
HALPAR, INC.

Attorney's Address
VICTOR L. MOLDOVAN, ESQUIRE
BRIAN E. DAUGHDRILL, ESQUIRE
PHEARS & MOLDOVAN
SUITE 375
4725 PEACHTREE CORNERS CIRCLE
NORCROSS, GEORGIA 30092

Plaintiff

VS.

BRAD LEONARD, Individually

Name and Address of Party to be Served

BRAD LEONARD

Defendant

70 SOUTH CLAYTON STREET

LAWRENCEVILLE, GEORGIA 30045

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☒ I have this day served the defendant _____ BRAD LEONARD _____ personally with a copy
of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant _____ by leaving
a copy of the action and summons at his most notorious place of abode in this county.
Delivered same into hands of _____ described as follows:
age: about _____ years, weight about _____ pounds, height about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
☐ Served the defendant _____ a corporation
by leaving a copy of the within action and summons with _____
in charge of the office and place of doing business of said corporation in this County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the
premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States
Mail, First Class, in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate
postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
☐ Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This _____ 1 _____ day of _____ JULY _____ 2005

_____ Cpl. A. Mathis s056 _____
DEPUTY

SHERIFF DOCKET _____ PAGE _____

EXHIBIT
A

Blumberg No. 5118

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

PINE VALLEY MOBILE HOME PARK,  :
INC., GANN ENTERPRISES, INC., and  :
HALPAR, INC.  :
     Plaintiffs,  :
       :
       :
v.  :    CIVIL ACTION NO. _____
       :
BRAD LEONARD, Individually,  :
     Defendant.  :

**SUMMONS**     ASSIGNED TO JUDGE WINEGARDEN

TO THE ABOVE NAMED DEFENDANT:    **JURY DEMAND**

    You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

        Victor L. Moldovan, Esquire
        Brian E. Daughdrill, Esquire
        PHEARS & MOLDOVAN
        Suite 375
        4725 Peachtree Corners Circle
        Norcross, Georgia 30092

an answer to the complaint which is herewithin served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

    This _____ day of _____, 2005.

                TOM LAWLER, CLERK
                Clerk of Gwinnett County Superior Court

        BY: _____
              Deputy Clerk

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

PINE VALLEY MOBILE HOME PARK,        :
INC., GANN ENTERPRISES, INC., and    :
HALPAR, INC.                         :
    Plaintiffs,                     :
                                     :
v.                                   :   CIVIL ACTION NO. _____
                                     :
BRAD LEONARD, Individually,          :
    Defendant.                      :

## COMPLAINT

COME NOW Plaintiffs PINE VALLEY MOBILE HOME PARK, INC., ("Pine Valley"),

GANN ENTERPRISES, INC. ("GEI"), and HALPAR, INC., ("Halpar")(collectively, Plaintiffs may

be referred to as the "Gann Group"), and file this Complaint against Defendant BRAD LEONARD,

individually, for the acts complained of herein and show the Court as follows:

## INTRODUCTION

1.

This is a complaint for damages brought pursuant to O.C.G.A. § 36-33-4, 42 U.S.C § 1983

et seq., the Fifth and Fourteenth Amendments to the Constitution of the United States; and the

Constitution of the State of Georgia.  The Gann Group owns and has been developing property in

the City of Lawrenceville, Georgia which development has been improperly regulated and interfered

with by Brad Leonard, the Director of Planning and Zoning and an officer of the City of

Lawrenceville, who has acted oppressively, maliciously, or without authority of law causing special

damages to the members of the Gann Group as set forth herein.

2.

Plaintiff PINE VALLEY MOBILE HOME PARK, INC., is a duly registered Georgia corporation that may sue and be sued that owns property in the City of Lawrenceville, Gwinnett County, Georgia which has been subject to those official actions challenged herein.

3.

Plaintiff GANN ENTERPRISES, INC., is a duly registered Georgia corporation that may sue and be sued that owns property in the City of Lawrenceville, Gwinnett County, Georgia which has been subject to those official actions challenged herein.

4.

Plaintiff HALPAR, INC., is a duly registered Georgia corporation that may sue and be sued that owns property in the City of Lawrenceville, Gwinnett County, Georgia which has been subject to those official actions challenged herein.

5.

Defendant BRAD LEONARD, individually, is a natural person capable of suing and being sued who is the Director of Planning for the City of Lawrenceville. He is the person ultimately charged with issuing permits for developments within the City of Lawrenceville and is an officer of the City of Lawrenceville. He may be personally served with summons and process at his office located at  70 S. Clayton Street, Lawrenceville, Gwinnett County, Georgia 30045 or, in the alternative, may be served at his residence located at 1490 Beachwood Circle, Lawrenceville, Gwinnett County, Georgia 30045.

6.

Jurisdiction and venue are proper in this Court.

2

7.

The Gann Group consists of long-term corporate citizens of the City of Lawrenceville. Since 2002 Mr. Gann's corporate entities have been subjected to and burdened by "official" enforcement actions taken by Mr. Leonard, which actions are without authority of law, are oppressive and are malicious and which violate the Gann Group's equal protection rights..

8.

Mr. Leonard's actions against the Gann Group are outside the scope of his job, are ministerial, are outside any discretion afforded his office by the ordinances that his position is charged with enforcing, are pursuant to ordinances that have not been properly adopted and treat the Gann Group differently than other similarly situated entities with no rational basis for such distinction.

9.

The Gann Group has suffered damages by way of Mr. Leonard's conduct.

## COUNT I
## HALPAR DEVELOPMENT

10.

Paragraphs 1-9 are incorporated as if fully restated herein.

11.

On or about June 2004 a variance application ("V-04-11") was filed for property, located at 186 New Hope Road, Lawrenceville, Georgia and owned by Plaintiff, to waive the requirement in Section 9.5 of the Zoning Ordinance regarding parking and loading requirements for schools from one space per 100 square feet of building and to allow parking to exist on gravel.

3

12.

On or about August 16, 2004 the Board of Zoning Appeals (the "Board") met and heard Application No. V-04-11 and approved the application "as submitted." The motion was to set the required number of parking spaces at 13 and to allow parking to be on the existing gravel."

13.

Mr. Leonard was present at the Board's meeting and participated in the variance application review before the Board. Mr. Leonard is the Secretary to the Board.

14.

On August 17, 2004 Halpar, having been granted the variance described above, sought to file a building permit application with Brad Leonard as Director of Planning.

15.

Mr. Leonard informed Halpar that Halpar first had to secure a development permit, install parking spaces above and beyond that which the Board authorized, conduct a hydrology study, construct a water quality pond and to pave the gravel spaces prior to the issuance of a building permit.

16.

Mr. Leonard premised his refusal on minutes he had created for the August 16th Board of Zoning Appeals which directly contradict the vote of the Board. A true and accurate copy of this "version" of the minutes is attached hereto as Exhibit A. Such minutes continue to be posted on the City of Lawrenceveille web-page despite the facts set forth herein.

4

17.

On August 30, 2004, Halpar, through its counsel, hand-delivered to Mr. Leonard a demand that he withdraw the requirement that Halpar be required to obtain a development permit prior to applying for a building permit.

18.

On August 31, 2004, Halpar and its counsel again attempted to file an application for a building permit and the required fee.

19.

Mr. Leonard refused to issue the requested building permit, refused to accept the application for the building permit, and refused to put into writing the basis for such refusal as required by Section 11.3 of the 2000 Zoning Ordinance for the City of Lawrenceville.

20.

On September 8, 2004, Halpar filed a Notice of Appeal to the Board of Appeals to have it "reaffirm" Halpar's right to use the property in the manner it already had voted to approve.

21.

On September 20, 2004 Halpar and its counsel attended the Board's September meeting to attempt to be heard on Halpar's Notice of Appeal.

22.

Prior to the meeting Halpar was approached by the City Attorney, Tony Powell, and was told that no development permit would be required based on the "minutes" of the August 16, 2004 meeting of the Board , the new "version" of which *now* reflected that the variance

5

application had been approved as submitted and that parking on gravel would be allowed. A true and accurate copy of the *correct* minutes is attached hereto as Exhibit B.

23.

Mr. Leonard, by creating a fictional set of minutes and insisting on inapplicable requirements premised thereon, unlawfully and maliciously delayed Halpar for more than 34 days causing Halpar to lose the fair rental value of the property for that period of time, to incur attorney's fees unnecessarily, and to suffer other damages. Halpar thus has special damages in an amount to be proven at trial.

## COUNT II
## PINE VALLEY/GANN ENTERPRISES

24.

Paragraphs 1-9 are incorporated as if fully restated herein.

25.

Pine Valley and Gann Enterprises owned property which was developed as 41 Paper Mill Road, Lawrenceville Georgia.

26.

On or about June 26, 2004 Plaintiffs filed an application for a development permit to obtain approval to construct commercial premises at the Paper Mill Road location.

27.

Mr. Leonard refused to issue the development permit until debris was removed from the creek which transects the property at issue.

6

28.

Plaintiffs did not place the challenged debris in the Creek nor did Plaintiffs authorize such placement.

29.

Plaintiffs attempted to comply with Mr. Leonard's directions and removed debris from the Creek.

30.

Mr. Leonard expressed that he was not satisfied with what had been removed and continued, throughout July, 2003, to refuse to issue the development permit.

31.

On August 11, 2003, Mr. Leonard issued a letter memorializing his refusal to issue a development permit until the creek was cleaned up. A true and accurate copy of said letter is attached hereto as Exhibit C.

32.

In the letter referenced above, Mr. Leonard stated that "the well-head protection requirements and the pollution in the creek" were the basis of the refusal to issue the permits.

33.

The letter referenced above acknowledged that "many inspections" had been done on the site including a site visit with Parker Gann, the president of Plaintiffs and reiterated Mr. Leonard's position that the development permit would not be issued until the certain items were removed from the creek.

7

34.

Mr. Leonard did not provide any regulatory or statutory authority for the purported "well-head" requirement nor evidence that any such authority is within his jurisdiction to enforce.

35.

On June 7, 2005, the undersigned counsel requested of the City of Lawrenceville, via and Open Records Act request, copies of any statute, regulation or ordinance which authorized Mr. Leonard to withhold the development permit upon the cited grounds.

36.

The City has failed and refused, to date, to produce such documents evidencing any authorization for Mr. Leonard's actions.

37.

The development permit applied for on June 26, 2003 was not granted until August 28, 2003.

38.

Pine Valley and Gann Enterprises were delayed over 60 days on this issue by Mr. Leonard whose actions were without authority, malicious and oppressive. Mr. Leonard additionally delayed Pine Valley and Gann Enterprises based on other non-codified requirements, pursuant to codes that were not validly adopted, or arbitrarily and irrationally imposing such requirements relating to the occupancy and construction of the building. Upon information and belief, Mr. Leonard has not imposed such requirements on other, similarly situated entities also developing property within the City of Lawrenceville during the same general time period.

8

39.

Pine Valley and Gann Enterprises suffered lost fair rental value for the property because

of these delays, were forced to expend significant funds repeatedly attempting to clean the Creek

to Mr. Leonard's satisfaction and lost its engaged grading contractor .

40.

Pine Valley and Gann Enterprises have been damaged by Mr. Leonard's actions in an

amount to be proven at trial

**COUNT III**
**CIVIL RIGHTS VIOLATION**
**GANN GROUP**

41.

Paragraphs 1-40 are incorporated as if fully restated herein.

42.

The Gann Group has been intentionally treated differently from others similarly situated

entities and there is no rational basis for such disparity treatment.

43.

Upon information and belief, such mistreatment is the product of illegitimate animus and

is vindictive action taken by Defendant in retribution for disciplinary action, imposed on

Defendant, at Mr. Gann's insistence, by the City of Lawrenceville in 1996 after Mr. Gann

complained to the City regarding Mr. Leonard's actions.

44.

42 U.S.C. §1983 provides, in pertinent part: "Every person who, under color of any

statute, ordinance, regulation, custom, or usage, of any State or territory or the District of

9

Columbia, subjects, or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

45.

At all times relevant hereto, Defendant was acting "under color of law" within the meaning of 42 U.S.C. §1983.

46.

Among the "rights, privileges or immunities secured by the Constitution" is the Fourteenth Amendment's "equal protection of the laws."

47.

Under the Fourteenth Amendment's equal protection clause, Mr. Leonard has imposed development requirements upon members of the Gann Group which are not authorized by the Code of the City of Lawrenceville, which have no rational basis and are arbitrary and capricious, and which he has not imposed on similarly situated  commercial developments within the same area of the City of Lawrenceville, the same being a deprivation of the rights and privileges secured by the Constitution and the laws of this state and country.

48.

Defendant thus has violated, under color of law, the Gann Group's right to equal protection of the laws under the Fourteenth Amendment of the U.S. Constitution in violation of 42 U.S.C. §1983.

10

49.

Defendant acted knowingly and intentionally, willfully, wantonly, and with reckless disregard for the Gann Group's rights under the law.

50.

The Gann Group has been damaged by such actions and is, pursuant to statute, entitled to redress in an amount to be proven at trial.

51.

Pursuant to 42 U.S.C. § 1988, the Gann Group has brought this action to enforce constitutional and statutory rights recognized, guaranteed and protected by 42 U.S.C. § 1983 and is entitled to reasonable attorney's fee as part of the costs and expenses to be recovered from Defendant in this action.

WHEREFORE, having made the above showing, Plaintiffs pray this honorable Court:

A)    Cause summons and process to be issued as required by law

B)    Try this matter to a jury;

C)    Find for Plaintiffs and declare that Mr. Leonard's actions were without authority of law, malicious and oppressive;

D)    Find for Plaintiffs and declare that Mr. Leonard's actions violated Plaintiff's right to equal protection of the laws without a rational basis and/or based upon an illegal personal animus;

E)    That Plaintiffs be awarded such damages and attorney fees as are proven at trial;

F)    That Plaintiffs be awarded their costs and attorney's fees pursuant to 42 U.S.C. § 1988; and

11

G)    That the Court award such further and other relief as it deems just.

This 24th day of June, 2005.

_____
Victor L. Moldovan
Georgia Bar No. 515468
Brian E. Daughdrill
State Bar of Georgia No. 205760


PHEARS & MOLDOVAN
Suite 375
4725 Peachtree Corners Circle
Norcross, Georgia 30092
770-446-2116

BOARD OF ZONING APPEALS MEETING
August 18, 2004

Page 1

The August 16, 2004 meeting of the Lawrenceville Board of Zoning Appeals was called to order at 6:00 P.M. with all members present except Mr. Ronnie Allen. The minutes for the June 22 2004 meeting were approved. Mr. Don Gudger made the motion to approve. Mr. John Pentecost seconded. It was approved unanimously. 3-0. Mr. Hugh May making the motion to approve the agenda. Mr. John Pentecost seconded 3-0

The first agenda item was a request for a Variance for Ms. Victoria Long Coleman (V-04-10) 157 McConnell Dr. to allow the parking lot access aisle and spaces to be less then the minimum requirement. Mr. Leonard gave his report. Ms. Coleman presented. There were several questions from the board and much discussion. There was no opposition. Mr. John Pentecost made a motion to approve as submitted and shown on the site plan unanimously 3-0

The last agenda item is a request for a Variance for Hayes, James & Associates (V-04-11) 186 New Hope Road, to waive the parking requirement for schools to 1 space per 100 square feet of building and allow existing parking on gravel. Mr. Leonard gave his report. Mr. Parker Gann and Ms. Kristy Sims presented. Ms. Chantina Davy spoke. Mr. Hugh May made a motion to set the requited number of spaces at 13. Mr. Leonard then requested a clarification on whether the motion also included (as requested) allowing some of the spaces to be allowed on the existing gravel. Mr. May stated that allowing gravel spaces was not part of his motion. Mr. John Pentecost seconded. It was approved unanimously. 3-0

There being no further business, the meeting was adjourned.

Eron Moore
Board of Zoning Appeals

Bradford P. Leonard, Director
Planning, Zoning & Inspections

09/28/2004  09:37  7709637                                    PAGE  02

BOARD OF ZONING APPEALS MEETING
August 18, 2004

Page 1

     The August 16, 2004 meeting of the Lawrenceville Board of Zoning Appeals was called to order at 6:00 P.M. with all members present except Mr. Ronnie Allen. The minutes for the June 22 2004 meeting were approved. Mr. Don Gudger made the motion to approve. Mr. John Pentecost seconded. It was approved unanimously. 3-0. Mr. Hugh May making the motion to approve the agenda. Mr. John Pentecost seconded 3-0

The first agenda item was a request for a Variance for Ms. Victoria Long Coleman (V-04-10) 157 McConnell Dr. to allow the parking lot access aisle and spaces to be less then the minimum requirement. Mr. Leonard gave his report. Ms. Coleman presented. There were several questions from the board and much discussion. There was no opposition. Mr. John Pentecost made a motion to approve as submitted and shown on the site plan unanimously 3-0

The last agenda item is a request for a Variance for Hayes, James & Associates (V-04-11) 186 New Hope Road, to waive the parking requirement for schools to 1 space per 100 square feet of building and allow existing parking on gravel. Mr. Leonard gave his report. Mr. Parker Gann and Ms. Kristy Sims presented. Ms. Chantina Davy spoke. Mr. Hugh May made a motion to set the required number of spaces at 13 and to allowing the spaces to be on the existing gravel. Mr. John Pentecost seconded. It was approved unanimously. 3-0

     There being no further business, the meeting was adjourned.


_____           _____
Eron Moore                                 Bradford P. Leonard, Director
Board of Zoning Appeals                    Planning, Zoning & Inspections

No development permit needed for New lot on the Parker Gann's . This is Hope Rd. care office. building day still needs a permit

# CITY OF LAWRENCEVILLE

P.O. Box 2200
Lawrenceville, Georgia 30046
770/963-2414

August 11, 2003

Gann Enterprises, Inc.
Pine Valley Mobile Home Park
C/o Parker Gann
P.O. Box 1306
Lawrenceville, GA 30046

Dear Mr. Gann,

This letter is to clarify the requirements that would allow a development permit to be issued for 41 Papermill Road. During the hydrology review process a reference was made to the well-head protection requirements and the pollution in the creek of the property. The tax maps on file in our office show that the projected commercial site and the creek where the pollution is located are on the same parcel of land more accurately described as District 5 Land Lot 174 Parcel 041 and in the name of Pine Valley Mobile Home Park.

Many inspections have been done at the site with the latest being on August 1st 2003. Present on the site was Parker Gann, Sandy and also Brad Leonard, Janet Bowen and Mike Finch of the city. It was concluded by all parties that there was still unacceptable debris in the creek and that those items must be removed, and upon the removal of those items the permit would be issued. These items include all tires and rubber products, all automobile parts including fenders and gas tanks, general trash including metal lawn chairs, refrigerator parts and paint cans other items were seen but agreed could remain such as the roll of wire embedded in the stream bank, singular bricks and concrete that was used for bank stabilization.

Once these items have been removed, please call for an inspection. When the inspection has been completed and if the determination is that the debris has been removed, the permit will be issued.

If you have any questions please call 770-963-2414

Sincerely,

Bradford P. Leonard, Director
Planning & Zoning Department

*Lawrenceville...In the Dynamic Metropolitan Atlanta Area*

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

PINE VALLEY MOBILE HOME    )
PARK, INC., GANN    )
ENTERPRISES INC., and    )
HALPAR, INC.,    )
    )
    Plaintiffs,    )
    )
v.    )    CIVIL ACTION NO.
    )    05A-07473-5
    )
BRAD LEONARD, Individually,    )
    )
    Defendant.    )

## NOTICE OF FILING NOTICE OF REMOVAL

COMES NOW defendant Brad Leonard, by and through counsel, and states:

In compliance with 28 U.S.C. § 1446(d), you are hereby notified of the filing

of a Notice of Removal in this action with the United States District Court for the

Northern District of Georgia, Atlanta Division.

Attached hereto is a copy of the Notice of Removal which has been filed in

the United States District Court for the Northern District of Georgia, Atlanta

Division.

EXHIBIT
B

FREEMAN MATHIS & GARY, LLP


DANA K. MAINE
Georgia Bar No. 466580
PAUL B. FRICKEY
Georgia Bar No. 277130

Attorneys for Defendant Brad Leonard

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (Telephone)
(770) 937-9960 (Facsimile)
L:\DOCS\5434\41205\KDP2767.DOC

- 2 -

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **NOTICE OF**

**FILING NOTICE OF REMOVAL** by depositing a true and correct copy thereof

in the United States mail, postage prepaid, properly addressed upon:

Victor L. Moldovan
Brian E. Daughdrill
PHEARS & MOLDOVAN
Suite 375
4725 Peachtree Corners Circle
Norcross, Georgia 30092

This 28th day of July, 2005.

Paul B. Frickey
Georgia Bar No. 277130

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (Telephone)
(770) 937-9960 (Facsimile)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served the foregoing **NOTICE OF REMOVAL** by depositing a true and correct copy thereof in the United States mail, postage prepaid, properly addressed upon:

Victor L. Moldovan
Brian E. Daughdrill
PHEARS & MOLDOVAN
Suite 375
4725 Peachtree Corners Circle
Norcross, Georgia 30092

This 28th day of July, 2005.

Paul B. Frickey
Georgia Bar No. 277130

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (Telephone)
(770) 937-9960 (Facsimile)
L:\DOCS\5434\41205\KDP2762.DOC